MAYER, Chief Judge,
concurring.
Because we are bound by Holley v. United States, 124 F.3d 1462 (Fed.Cir.1997), I concur in the result that Ostler was properly separated because a board of inquiry is not required under 10 U.S.C. § 630. I disagree, however, with the reasoning in Holley and in its absence, I would hold that Ostler should have been granted a board of inquiry pursuant to 10 U.S.C. §§ 1181-1187 because his disciplinary proceedings could, and ultimately did, result in a stigmatizing General discharge.
A General discharge (Under Honorable Conditions) “is warranted when significant negative aspects of the officer’s conduct or performance of duty outweigh positive aspects of the officer’s military record.” SEVNAYINST 1920.6A Enclosure (5), ¶ (2)(b). This type of discharge, even though under honorable conditions, carries a stigma of unprofessionalism. When Holley upheld regulations under which “no hearing before a board of inquiry is offered unless the discharge is upon other than honorable conditions,” 124 F.3d at 1467, it improperly included General discharges. Holley should have been confined to Honorable discharges to which no stigma attaches.